## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

LACEY SIVAK,

               Plaintiff,

v.

DAVID NYE,

               Defendant.

Case No. 1:21-cv-00278-MDH

### ORDER

Before the Court is Plaintiff's pro se Emergency Motion for Injunction/Protective Order. (Doc. 6). From the motion, it is clear that Plaintiff moves the Court solely for injunctive relief. While Plaintiff brings this action solely against the Honorable David C. Nye, Chief Judge for the District of Idaho, Plaintiff's motion only seeks to enjoin the actions of non-party persons employed by the Idaho Department of Corrections (IDOC). Because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth herein, the Motion is **DENIED**.

While Plaintiff's hand-written motion was at many times difficult to decipher, it appears to set out the following general facts. In 2010, Warden Randy Blades met with Plaintiff and the two came to some mutually agreed upon situation regarding Plaintiff's ability to store his property. Specifically, Warden Blades allegedly allowed Plaintiff to have two large storage tubs under his bed, on a certain table, and the area above the "C" bunk. After this, Plaintiff alleges that "some staff" tried

1

to tamper with Plaintiff's property, so Plaintiff again met with Warden Blades, which apparently temporarily solved the problem. Years later, Warden Blades was replaced as warden by Jay Christensen and Vernon Greenland was put in charge in some capacity.[1]

According to Plaintiff, Greenland made it clear that he wanted Plaintiff to stop pursuing legal cases. Plaintiff further alleges that Greenland and other staff stole Plaintiff's property and files and spread rumors to try and have Plaintiff "attacked, etc.". Plaintiff claims that Greenland explicitly stated that he was retaliating against Plaintiff because of Plaintiff's legal work. Lastly, Plaintiff alleges that Greenland and some staff conspired at a July 8, 2021, meeting to steal all of Plaintiff's property.

In Plaintiff's included proposed order, he requests that the Idaho Department of Corrections and any of its employees be commanded to enforce the standards set by Randy Blades and only certain items can be taken from Plaintiff. If anyone violates Plaintiff's proposed injunction, Plaintiff requests that they be criminally prosecuted, and that Plaintiff will be immediately released from custody.

To obtain a preliminary injunction order "a party must demonstrate either: (1) probable success on the merits and irreparable injury; or (2) sufficiently serious questions going to the merits to make the case a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting relief." *Makua v. Rumsfeld,* 163 F.Supp.2d 1202, 1215 (D. Haw. 2001). The hardship evaluation calls upon the Court to balance competing claims of injury and the effect that a grant or denial of injunctive relief would have on the parties and the public interest. *Sierra Club v. Penfold,* 857 F.2d 1307, 1318 (9th Cir. 1988); *Prindable v. Ass'n of Apartment Owners of 2987*

---

[1] Plaintiff's description of Greenland's role in the facility was unreadable. (Doc. 6, p. 3).

*Kalakaua*, 304 F. Supp. 2d 1245, 1261 (D. Haw. 2003), *aff'd sub nom. Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175 (9th Cir. 2006).

The limitations on the power of courts to enter injunctions in a correctional context are underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

> With respect to preliminary injunctions sought by inmates, courts are also instructed that: Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity ... in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

An injunction against non-parties, like the injunction sought here, requires a specific legal showing. It is clear that Plaintiff seeks to enjoin non-parties in this litigation: a non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting "in active concert or participation" with the party against whom injunctive relief is sought. Fed. R. Civ. P. 65(d).

Here, Plaintiff only mentions Defendant Judge Nye once only to allege that Judge Nye "supports crimes on prisoners by his fellow government employees." Clearly, Plaintiff has not made an adequate showing that the non-parties he seeks to enjoin are in active concert or participation with Defendant. In any event, Plaintiff makes no showing of likelihood of success on the merits in this case nor irreparable harm. Furthermore, Plaintiff does not put forth "sufficiently serious questions

going to the merits" as would otherwise be required.

> For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 6) is **DENIED**. To the extent that Plaintiff believes he has been wrongly deprived of property or otherwise treated unlawfully, the appropriate course of action would not be an action against Defendant Judge Nye nor an injunction against Judge Nye.

**IT IS SO ORDERED.**

Dated: July 29, 2021                    _/s/ Douglas Harpool_
                                        **DOUGLAS HARPOOL**
                                        **United States District Judge**